UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

NORMAN SCOTT
   **Debtor**

**Case No :15-24705-EPK**
**Lower Tribunal:** 2007-CA-021538

Vs

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE FOR MORGAN STANELY IXIS REAL ESTATE
CAPITAL TRUST 2006-1,
   **ALLEGED CREDITOR**
_____/

## OBJECTION FOR THE RELIEF FROM THE AUTOMATIC STAY TO ENFORCE FORECLOSURE JUDGMENT

Evidentary hearing requested.

Norman Scott objects to the alleged creditor obtaining any relief from the

automatic stay and states the following:

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR

MORGAN STANELY IXIS REAL ESTATE CAPITAL TRUST 2006-1 will be

referred to as **DEUTSCHE BANK OR** DEUTSCHE BANK NATIONAL TRUST

COMPANY**, has not filed a proof of claim to validate this.**

1

## CREDITOR'S INTEREST

**DEUTSCHE BANK** filed this foreclosure action against Norman Scott on or about <u>November 28th, 2007</u> which claimed that they were foreclosing on a mortgage that Norman Scott signed on **February 23rd 2006 with AIG FEDERAL SAVINGS BANK** for the property located at 10563 Galleria Street, Wellington Florida, 33414.

The Complaint filed by **DEUTSCHE BANK** did not give them the Capacity or the Standing to foreclose.

DEUTSCHE BANK NATIONAL TRUST COMPANY filed a complaint seeking to foreclose a mortgage executed by Norman Scott and to re-establish the lost note and mortgage, attaching a copy of the mortgage **without an assignment or Affidavit of transfer or ownership of mortgage from the original lender to DEUTSCHE BANK or offered any proof** <u>that the assignment filed approximately two and a half years after the complaint is valid</u>

**Fla. Stat. §559.715 states in pertinent part:**

**Assignment of consumer debts.**—This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to

collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

**(see assignment) APPENDIX 2.**

**The property 10563 Galleria Street was not owned by Norman Scott on February 23rd 2006 , and therefore any alleged mortgage signed on that day does not attach itself to 10563 Galleria Street.(See attached bill of sale and Warranty Deed). APPENDIX 6 and APPENDIX 3**

DEUTSCHE BANK NATIONAL TRUST COMPANY cannot hold a security interest in Norman Scott's property located at 10563 Galleria Street, Wellington, Florida 33414.

## RIGHT TO CANCEL

"Fraud destroys the validity of everything into which it enters," *Nudd v. Burrows,* 91 U.S 426. "Fraud vitiates everything," *Boyce v. Grundy*, 3 Pet. 210. "Fraud vitiates the most solemn contracts, documents and even judgments," *U.S. v. Throckmorton,* 98 U.S. 61. Therefore the Claimants' entire Motion in this action should be dismissed for fraud.

Norman Scott submits the Notice of Right to Cancel by which the alleged Mortgage and Promissory Note was cancelled with proof on ___September 01,

3

2009 due to fraud , a notarized copy sent on January 27th 2010. **(See attached COPY of Notice of Right to cancel).**

Norman Scott as a consumer seeks to enforce his federally protected rights under 1635(b) and Reg Z 226.23(d) right to rescind.

DEUTSCHE BANK NATIONAL TRUST COMPANY is seeking to avoid TILA rescission by a state law or common law equitable mortgage, completely vitiating 1635(b) and Reg Z 226.23(d). Such actions would harm the Federal uniformity that TILA seeks.

The alleged Creditor DEUTSCHE BANK NATIONAL TRUST COMPANY needs to dismiss the foreclosure case that they filed.

The alleged Lender **AIG FEDERAL SAVINGS BANK** and alleged Creditor DEUTSCHE BANK NATIONAL TRUST COMPANY did **not** respond to the **Notice of Right to Cancel** within the twenty (20) days as required by law. **If a lender fails to respond within twenty days to the notice of rescission, the ownership of the property vests in the borrowers and they are no longer required to pay the purported loan.** *See 1635(b); Staley v. Americorp Credit Corp., 164 F. Supp. 2d 578, 584 (D. Md. 2001); Gill v. Mid-Penn Consumer Disc. Co., 671 F. Supp. 1021 (E.D. Pa. 1987).* Once the court finds a violation such as not responding to the Rescission letter, no matter how technical, it has no discretion with respect to liability

4

*(in re Wright, supra. At 708; In re Porter v. Mid-Penn Consumer Discount Co.,*

*961 F,2d 1066, 1078 (3d898. Fidelity Consumer Discount Co., Supra. At 898.*

**Violation of the rule of law, made it illegal for the DEUTSCHE
BANK NATIONAL TRUST COMPANY to pursue foreclosure action
because, once TILA notice of rescission was given, the lien or security
interest in Norman Scott's property became void ab initio, even if a
court had not yet ruled on the validity of the Norman Scott's rescission
(Willis v. Friedman, Clearinghouse No. 54,564 (Md. Ct. Spec. App. May 2,
2002)).**


**<u>DEUTSCHE BANK NATIONAL TRUST COMPANY has no standing to
foreclose or to become a Creditor; has not furnished a Proof of Claim as to
how they have ascertained the Mortgage or the Note , regardless if they did, it
would be null and void because of THE RIGHT TO CANCEL.</u>**

A crucial element in any mortgage foreclosure proceeding is that the party seeking

foreclosure must demonstrate that it has standing to foreclose." McClean v. JP

Morgan Chase Bank Nat'l Ass'n 79 So.3d 170, 173 (F;a 4th DCA 2012). To

establish standing, the plaintiff must show that it held or owned the note at the time

the complaint was filed.

5

**DEUTSCHE BANK** complaint lacked any basis in law or fact and was completely frivolous when filed. Specifically, was not the proper party in this matter as it never owned or held the note and mortgage as alleged?

## CREDITOR'S ALLEGED CLAIM TO FINAL JUDGMENT IN FORECLOSURE

DEUTSCHE BANK NATIONAL TRUST COMPANY did obtain an invalid and fraudulent judgment of foreclosure on April 18th 2013; **however this was made invalid due to the fact that Jacqueline Scott an indispensable party to the property was not served and Norman Scott had previously cancelled the alleged loan.**

On May 20th 2013 the Court granted an order to Quash Service of Process and to vacate and set aside Order of Default against Jacqueline Scott and to Cancel and or Stay the schedule foreclosure.

Plaintiff has tried to reschedule a foreclosure sale on numerous occasions, but have been prevented from doing so as Jacqueline Scott an indispensable party to the property was not served.

On May 5th 2015 the court entered an Order to cancel the schedule foreclosure on the subject property.

DEUTSCHE BANK NATIONAL TRUST COMPANY judgment is invalid and fraudulent for more than one reason

A. **Once TILA notice of rescission was given, the lien or security interest in Norman Scott 's property became void ab initio, even if a court had not yet ruled on the validity of the**

6

**Norman Scott's rescission (Willis v. Friedman, Clearinghouse No. 54,564 (Md. Ct. Spec. App. May 2, 2002)).**

B. By operation of law, the security interest and promissory note automatically becomes void and the consumer is relieved of any obligation to pay any finance or other charges (15 USC 1635(b); Reg. Z-226.15(d)(1),226.23(d)(1). . See Official Staff Commentary 226.23(d)(2)-1. (See Willis v. Friedman, Clearinghouse No. 54,564 (Md. Ct. Spec. App. May 2, 2002) (Once the right to rescind is exercised, the security interest in the Norman Scott property becomes void ab initio). Thus, the security interest was voided and of no legal effect irrespective of whether the DEUTSCHE BANK NATIONAL TRUST COMPANY made any affirmative response to the notice. (See Family Financial Services v. Spencer, 677 A.2d 479 (Conn. App. 1996) (all that is required is notification of the intent to rescind, and the agreement is automatically rescinded). The alleged Lender **AIG FEDERAL SAVINGS BANK** and alleged Creditor DEUTSCHE BANK NATIONAL TRUST COMPANY **did not** respond to the **Notice of Right to Cancel** within the twenty (20) days as required by law.

C. The statute and Regulation Z make it clear that, if the Norman Scott , had extended right and chooses to exercise it, the security interest and obligation to pay charges are automatically voided. (Cf. Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 704-05 (9th Cir. 1986) (**courts do not have equitable discretion to alter substantive provisions of TILA, so cases on equitable modification are irrelevant). The statute, section 1635(b) states: "When an obligor exercises his right to cancel, any security**

7

<u>interest given by the obligor becomes void upon such rescission"</u>. Also, it is clear from the statutory language that the court's modification authority extends only to the procedures specified by section 1625(b).

D. **The voiding of the security interest is not a procedure, in the sense of a step to be followed or an action to be taken. Since the rescission process was intended to be self-enforcing,** failure to comply with the rescission obligations subjects DEUTSCHE BANK NATIONAL TRUST COMPANY to potential liability. Non-compliance is a violation of the act which gives rise to a claim for <u>actual and statutory damages under 15 USC 1640.</u> TIL rescission does not only cancel a security interest in the property but it also cancels any liability for the NORMAN SCOTT , to pay finance and other charges, including accrued interest, points, broker fees, closing costs and that DEUTSCHE BANK NATIONAL TRUST COMPANY must refund to NORMAN SCOTT , all finance charges and fees paid.

E. DEUTSCHE BANK NATIONAL TRUST COMPANY foreclosing on Norman Scott's property when they were given the Notice of the Right to Cancel is a violation of TILA and is fraudulent and not operating with 'clean hands'.

## **GROUNDS FOR RELIEF**

DEUTSCHE BANK NATIONAL TRUST COMPANY **has no grounds for relief** based on the fraud that was committed on the state court and the outright TILA violations.

**The rescission process was intended to be self-enforcing.**

8

Norman Scott should not be punished twice as a habitual bankruptcy filer as he had to serve a two year suspension for a series of unsuccessful bankruptcies filings, by allowing DEUTSCHE BANK NATIONAL TRUST COMPANY to commit fraud twice on Norman Scott and the Court system.

**Wherefore** Debtor request that the alleged creditor file a valid **Proof of Claim** to dispel all the **TILA violations** the **lack of a valid assignment** and to show how it acquired a recorded mortgage of **February 23rd 2006** on Norman Scott's property when the Bill of sale, the HUD1 statement and the Warranty Deed has a closing date a sale date for **February 28th 2006.**

Submitted By

Norman Scott.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via regular U.S. Mail, Fax, E-mail.

Robin R Weiner
BOX 559007
Ft Lauderdale, FL 33355
ecf@ch13weiner.com;
P.O Box 559007
Ft. Lauderdale, FL 33355


Anila S.Rasul
SHD Legal Group P.A
Attorney for Creditor
PO BOX 11438
Fort Lauderdale, FL 33339-1438
Phone : (954) 564-0071
Fax : (954) 5649252
Email : ARasul@shdlegalgroup.com

APPENDIX 2

ASSIGNMENT

CFN 20100241817
OR BK 23929 PG 0800
RECORDED 06/30/2010 09:58:11
Palm Beach County, Florida
Sharon R. Bock, CLERK & COMPTROLLER
Pg 0800; (1pg)

# ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, on or before November 19, 2007, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR AIG FEDERAL SAVINGS BANK ("Assignor") whose address is _____ assigned, transferred and conveyed to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY IXIS REAL ESTATE CAPITAL TRUST 2006-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-1 ("Assignee") whose address is 10790 Rancho Bernardo Road, , San Diego, CA 92127, its successors and/or assigns, all of the right, title, and interest of Assignor in and to that certain Mortgage (the "Mortgage") dated February 23, 2006 and recorded May 17, 2006 in Official Records Book 2035, at Page 1446 of the public records of PALM BEACH County, Florida, encumbering the following-described real property:

LOT 23, BLOCK 2 OF BLACK DIAMOND PHASE 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 94, PAGE 93 OF THE PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.

as the same may have been amended from time to time, together with the Note and indebtedness secured thereby.

MORTGAGOR(S)   NORMAN SCOTT and JACQUELINE SCOTT

IN WITNESS WHEREOF, Assignor has executed and delivered this Instrument on _____, 2010.

Witness _____

Print Name _____ Kerry J. Clay _____

Witness _____

Print Name _____ Ashley L. Bond _____

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR AIG FEDERAL SAVINGS BANK
By _____

Print Name _____ Whitney K. Cook

Title _____ Vice President

Attest: _____

Print Name _____ Dana Heisel

Title _____ Assistant Secretary

(Affix Corporate Seal)

STATE OF OHIO
COUNTY OF FRANKLIN

BEFORE ME, the undersigned, personally appeared   Whitney K. Cook and   Dana Heisel   as   Vice President   and _____ Secretary respectively, and known to me to be the persons that executed the foregoing instrument, and acknowledged that they executed the foregoing as its duly authorized officers and that such execution was done as the free act and deed of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR AIG FEDERAL SAVINGS BANK, this _____ day of _____, 2010.

Notary Public _____ Latresa _____

My commission expires _____

Recording requested by _____

Marla Zuniga _____

Florida Default Law Group, P.A.

LATRESA D. PAYNE
NOTARY PUBLIC
STATE OF OHIO
Recorded in
Franklin County
My Comm. Exp. 9/16/12

FILE_NUMBER F07058371

Serial 13511416
DOC_ID M001100

**\*F07058371\***

**\*M001100\***

APPENDIX 6

BILL OF SALE
SELLER'S AFFIDAVIT

# Bill of Sale

This Bill of Sale, made on February 28, 2006, between Steven Durso, a single man, and John Duffy, a married man ("Seller"), and Norman Scott and Jacqueline Scott, husband and wife ("Buyer").

Witnesseth, that Seller, in consideration of the sum of TEN DOLLARS ($10.00) and other good and valuable consideration paid to Seller by Buyer, receipt and sufficiency of which is hereby acknowledged, delivers, grants, bargains, sells and transfers forever to Buyer the following goods and chattels, to wit:

    All personal items pursuant to the purchase and sale agreement and the MLS agreement.

Said property being located at:

    Lot 23, Block 2 of Black Diamond Phase I, according to the Plat thereof, as recorded in Plat Book 94,
    Page 83 of the Public Records of Palm Beach County, Florida.

    Also known as 10563 Galleria Street, Wellington, FL 33414

Seller covenants to Buyer that Seller is the lawful owner of the said goods and chattels; that they are free from all encumbrances; that Seller has good right to sell that property, and that Seller will warrant and defend the sale of said property, goods and chattels unto the Buyer against the lawful claims and demands of all persons whomsoever.

"Seller" and "Buyer" shall be used for singular or plural, natural or artificial, which terms shall include the heirs, legal representatives, successors and assigns of Seller and Buyer whenever the context so requires or admits.

_____     _____
Steven Durso                                      John Duffy

State of Pennsylvania / DELAWARE
County of _____

The foregoing instrument was acknowledged before me this 9th day of Feb. , 2006, by Steven Durso, who [ ] is personally known or [√] has produced a driver's license as identification.

_____
Notary Public

[Notary Seal]

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Maureen T. Kane, Notary Public
Media Boro, Delaware County
My Commission Expires Mar. 7, 2010
Member, Pennsylvania Association of Notaries

State of Florida
County of Palm Beach

The foregoing instrument was acknowledged before me this 21st day of ___ 2006, by John Duffy, who [ ] is personally known or [ ] has produced a driver's license as identification.
Timothy Glass
My Commission DD220404
Expires June 08, 2007

indemnifies same (including but not limited to attorneys' fees, whether suit be brought or not, and at trial and all appellate levels, and court costs and other litigation expenses) with respect to the matters set forth herein. "Affiant", "Seller" and "Buyer" include singular or plural as context so requires or admits. This affidavit is made under the penalties of perjury. Seller further states that he/she is familiar with the nature of an oath and with the penalties as provided by the laws of the United States and the State of Florida for falsely swearing to statements made in an instrument of this nature. Seller further certifies that he/she has read, or heard read, the full facts of this Affidavit and understands its context.

Further Affiant sayeth not

_____
Steven Durso

State of Florida
County of Broward

Commonwealth of Pennsylvania
County of DELAWARE } ss

The foregoing instrument was sworn to and subscribed before me this 21 day of FEB, 2006, by Steven Durso, who [ ] is personally known or [ ] have produced a driver's licence as identification.

_____
Notary Public

[Notary Seal]

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Maureen T. Kane, Notary Public
Media Boro, Delaware County
My Commission Expires Mar. 7, 2010
Member, Pennsylvania Association of Notaries

# Seller's Affidavit

**Before me**, the undersigned authority, personally appeared Steven Durso, a single man ("Affiant") who being by me first duly sworn, on oath, depose(s) and say(s) that

1  **Steven Durso, a single man, and John Duffy, a married man** ("Seller"), is the owner of and is selling the following described property, to wit:

> **Lot 23, Block 2 of Black Diamond Phase I, according to the Plat thereof, as recorded in Plat Book 94,**
> **Page 83 of the Public Records of Palm Beach County, Florida.**

2.  The above described property is free and clear of all liens, taxes, encumbrances and claims of every kind, nature and description of record whatsoever, except for mortgage or mortgages, if any, described in the Deed and except for real estate and personal property taxes for the year 2006, which are not yet due and payable

3  There have been no improvements, alterations, or repairs since acquisition by the Seller to the above described property for which the costs thereof remain unpaid, that there are no claims for labor or material furnished for repairing or improving the same, which remain unpaid since the acquisition by Seller, and that there are no mechanic's, materialmen's, or laborer's liens since acquisition by Seller against the above described property

4  There have been no documents recorded in the Public Records of **Palm Beach County** subsequent to the effective date of the title commitment , which affect title to the Property and Seller has not entered into any contracts for the sale, disposition or leasing of the Property since said date except as may have been disclosed to **Attorneys' Land Title, Inc. a/k/a American Fidelity Title** in writing, and Seller has no knowledge of any matter affecting title to the Property

5.  The personal property contained in the building on said property, or on the said premises, and which, if any, is being sold free and clear of all liens, encumbrances, claims and demands whatsoever.  The Seller knows of no violations of Municipal or County Ordinances pertaining to the above described property.  No judgment or decree has been entered in any court in this State or the United States against said Seller which remains unsatisfied.  There are no persons other than Seller in possession of the above described property.  All utilities have been paid in full through the date of closing

6.  Seller agrees that in the event the current real estate or personal property taxes vary in amount from the figures used in making the prorations used in closing the transfer and conveyance of the above described property to said buyers, then a new proration and a correct and proper adjustment will be made upon demand.

7.  Seller understands that Section 1445 of the Internal Revenue Code provides that a Buyer of a United States real property interest must withhold tax if the Seller is a foreign person.  To inform the Buyer that withholding of tax is not required upon purchase of the above described property Seller certifies the following.

   a.  Seller is not a nonresident alien individual, foreign corporation, foreign partnership, foreign trust or foreign estate for purposes of United States federal income taxation.

   b   Seller's Tax Identification Number is **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.**

   c.  Seller's address is: **424 Oak Valley Lane, Media, PA 19063**

   Seller understands that this certification may be disclosed by Buyer to the Internal Revenue Service and that any false statement made by Seller could be punished by fine, imprisonment, or both.  Under penalties of perjury Seller declares that to the best of his knowledge and belief the certification contained herein is true, correct and complete, and that Seller has authority to sign this affidavit as either individual Seller or on behalf of an entity Seller

8  This affidavit is given for the purpose of clearing any possible question or objection to the title to the above referenced property and, for the purpose of inducing **Attorneys' Land Title, Inc. a/k/a American Fidelity Title** and **Commonwealth Land Title Insurance Company** to issue title insurance on the subject property, with the knowledge that said title companies are relying upon the statements set forth herein.  Seller hereby holds **Attorneys' Land Title, Inc. a/k/a American Fidelity Title and Commonwealth Land Title Insurance Company** harmless and fully

Under penalties of perjury, I declare that I have read the foregoing Affidavit and that the facts stated in it are true

_____                    _____
Norman Scott                                        Jacqueline Scott

State of Florida
County of Broward

The foregoing instrument was sworn to and subscribed before me this 28th day of February, 2006 by Norman Scott and Jacqueline Scott, who [_] are personally known or [X] have produced a driver's license as identification

[Notary Seal]                                       _____
                                                    Notary Public

                                                    Printed Name: _____

                                                    My Commission Expires: _____

Bonita L Johnston
My Commission DG306855
Expires May 01 2008

APPENDIX 3

WARRANTY DEED

CFN 20060135370
OR BK 20019 PG 1237
RECORDED 03/07/2006 12:08:14
Palm Beach County, Florida
AMT 449,000.00
Doc Stamp 3,143.00
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 1237 - 1239; (3pgs)

Prepared by and return to:
Amy E. Stark

Attorneys' Land Title, Inc. a/k/a American Fidelity Title
6400 N. Andrews Avenue Suite 340
Fort Lauderdale, FL 33309

File Number: AFT050761
Will Call No.: 0

_____[Space Above This Line For Recording Data]_____

# Warranty Deed

**This Warranty Deed** made this 28th day of February, 2006 between Steven Durso, a single man, whose address is 424 Oak Valley Lane, Media, PA 19063, and John Duffy, a married man whose post office address is 16060 Rio Rodeo, Delray Beach, FL 33446, grantor, and Norman Scott and Jacqueline Scott, husband and wife whose post office address is 10563 Galleria Street, Wellington, FL 33414, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth,** that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in **Palm Beach County, Florida** to-wit:

> **Lot 23, Block 2 of Black Diamond Phase I, according to the Plat thereof, as recorded in Plat Book 94, Page 83 of the Public Records of Palm Beach County, Florida.**
>
> **Parcel Identification Number: 73-41-44-01-02-002-0230**
>
> Subject To: All covenants, restrictions, declarations, plats, dedications, easements, licenses and grants. if any; zoning and governmental ordinances; and taxes for the year 2006 and all subsequent years.

Grantor warrants that at the time of this conveyance, the subject property is not the Grantor's homestead within the meaning set forth in the constitution of the state of Florida, nor is it contiguous to or a part of homestead property. Grantor, Steven Durso's residence and homestead address is: 424 Oak Valley Lane, Media, PA 19063, and Grantor, John Duffy's residence and homestead address is 16060 Rio Rodeo, Delray Beach, FL 33446.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to **December 31, 2005.**

**In Witness Whereof,** grantor has hereunto set grantor's hand and seal the day and year first above written.

DoubleTimes



IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND SEAL THE February 17, 2006.

_Angela Healy_ _____                          _Steven Durso_ _____ (Seal)
Witness Name: _Angela Healy_                              Steven Durso

_____
Witness Name: _LISA SCHWARTZ_

State of Florida
County of Broward

The foregoing instrument was sworn to and subscribed before me this _24_ day of February, 2006 by Steven Durso, who [ ] are personally known or [X] have produced a driver's license as identification.

                                    _____
[Notary Seal]                       Notary Public

                                    Printed Name: _MAUREEN T. KANE_

                                    My Commission Expires: _March 7, 2010_


                                                    COMMONWEALTH OF PENNSYLVANIA
                                                          Notarial Seal
                                                    Maureen T. Kane, Notary Public
                    Commonwealth of Pennsylvania          Media Boro, Delaware County
                                                    My Commission Expires Mar. 7, 2010
                    County of _DELAWARE_  } SS:    Member, Pennsylvania Association of Notaries



Witness Name: _____
Ti... My Glass

Witness Name: _____
PETER MENTER

State of Florida
County of Palm Beach

The foregoing instrument was acknowledged before me this 27th day of February, 2006, by John Duffy, a married man, who [X] is personally known or [ ] has produced a driver's license as identification.

_____
Notary Public

[Notary Seal]



Timothy Glass
My Commission DD220404
Expires June 08 2007

I hereby certify that the foregoing is a true copy
of the record in my office this day, Apr 11, 2013.
Sharon R. Bock , Clerk/Circuit Court, Palm Beach County, Florida
BY _____ Deputy Clerk

**From:**
Norman Scott
10563 Galleria St.
Wellington, FL 33414



**To/Respondents:**
AIG Federal Savings Bank
401 Plymouth Road, Suite 400
Plymouth Meeting, PA 19462

Bank of America, NA
100 North Tryon Street
Charlotte NC 28255

Deutsche Bank National Trust Company 300 S Grand
Ave. Ste 3950 Los Angeles, CA 90071

Chase Home Finance
3415 Vision Drive
Columbus, OH 43219

MERS PO BOX 2026
FLINT, MI 48501

**Re:** Original LoanNos. 2000016142 & 6821800056029; CFN: 20060388323& 20060294459 Commonly Known Address: 10563 Galleria St. Wellington, FL 33414 Mortgage of Record: OR BK 20351 PG 1446& OR BK 20550 PG 1620 - Recorded Date: 07/03/2006 & 5/17/06

***Notice of Right to Cancel***
*Notice to Agent is Notice to Principal Notice to Principal is Notice to Agent*

**Parties:** Norman Scott and Jacqueline Scott (Alleged ~~~~~~~~ (hereinafter **Borrowers**)) - and, AIG Federal Savings Bank & Bank of America (Alleged Lenders) - (hereafter Lender)

**Attention:** All above named Respondents.

This communication will serve as our ***Notice of Right to Cancel*** dated September 01, 2009. TILA (Truth in Lending Act 15 USC §1601 et seq; 12 CFR Part 226) allows three (3) years to review Disclosure Documents. The referenced 'Three Day Right to Cancel' must have a trigger to begin. That trigger, is when the Lender has provided the Borrower with ALL of the required Disclosures under TILA, and that the same are true, complete, accurate, and timely provided.

Being as the entire purported note/loan process and Mortgage referenced herein and throughout, was obtained by wrongful acts of fraud, fraudulent inducement, concealment, and fraudulent misrepresentation, the borrower has other recourse, right, and cause of action under numerous state and federal statutes. Acts of fraud taint/void everything it touches as the US Supreme Court has declared: *"There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments."* (United States v. Throckmorton, 98 U.S. 61) In further support of the aforementioned wrongful acts, you will please find the attached 'Affidavits of Norman Scott and Jacqueline Scott referenced as Attachment/Exhibit - B; and, the attached Addendum - C.

***Notice of Right to Cancel***

All of which are made a part hereto, and incorporated herein in their entirety. the same of which contain Important matters, of record that have thus far remained unanswered, unrebutted, and uncontroversial by all Respondents listed above.

To this date, Lender has **never** provided Borrower with true, complete, accurate or timely documents as Required. **ONLY AFTER**. such provision has been done, can the "3 DAY RIGHT TO CANCEL" period begin. If the required full Disclosure(s) have not been provided, then the period in which to Cancel is extended for up to three (3) years, OR until Lender moves to foreclose. The records thus far evidence, that **Borrower** has requested to cancel within the stipulated three year time period, while still waiting to receive all Truth-in-Lending disclosures as required by Federal Law, the same of which has never been received.

A close perusal and audit of Borrower's mortgage/loan document has revealed certain Disclosure Violations; and that the Borrower has the remedial right and remedy ( UCC 1-201 (32) (34)), inter alia, to invoke their Right of Rescission (ROR) as further evidenced by the original NOTICE OF RIGHT TO CANCEL. You will also please find Borrower's signed and dated NOTICE to the Lender(s), Successors(s) and Beneficiary as stated on the NOTICE OF RIGHT TO CANCEL, if provided in the loan package. If such Notice was not provided, **this written Notice of communication is provided in lieu thereof.**

After sufficient NOTICE has been given to Lender is required by Federal Law to CANCEL any lien(s) and to CANCEL any security interest on the Borrower's property within (20) days. The Lender must also return any money, interest fee, and/or property to Borrower, as well as money/funds given to any persons or other fiction in law entity in connection with said transaction.

In accordance with both State and Federal law or until the Lender complies, Borrower may retain the proceeds of the transaction. If it should be 'impractical' or 'unfair' for the Borrower to return the property when gross discrepancies. fraud, or other wrongful acts are discovered -then he/she/they may offer its · Reasonable Value'.

In the event the Lender should fail to refuse to take possession of the property or return the borrower's money offer within (20) days... **Borrower** may then regain/acquire all rights to clear title and re-conveyance Under Federal Law and provisions of TILA.

**Additionally**, Borrower has the right to offer Lender reasonable Value. **However,** the penalty that a bank can face for violations of TILA and other State and Federal law can be as much as triple damages... I.e., triple the amount of the interest the bank stood to fraudulently make off of the mortgage/loan transaction. Therefore, the borrowers hereby in good faith make the following offer; Borrowers will forgive AIG FEDERAL SAVINGS BANK& BANK OF AMERICA. any liability incurred by it's wrongful actions, provided AIG FEDERAL SAVINGS BANK& BANK OF AMERICA. . rightfully forgive Borrowers the full amount of mortgage/credit AIG FEDERAL SAVINGS BANK& BANK OF AMERICA. . fraudulently allege to have given. In addition, Borrowers make the one time demand of 1,500,000.00 for any loss, damage,  and injury that have sustained; and that AIG FEDERAL SAVINGS BANK& BANK OF AMERICA.. also immediately remove all/any negative comments on Borrower's credit to this transaction.

Any default, failures, or non-compliance on the Lender's part to perform as herein directed within (20) days of receipt shall constitute this  Notice to Cancel as valid and fully agreed/accepted pursuant to the terms and conditions as set forth herein.

Sincerely,

Norman Scott

**Notice of Right to Cancel**

2 of 3

## ACKNOWLEDGEMENT

STATE OF FLORIDA         )

COUNTY OF PALM BEACH    ) Scilicet
                               )

On January 2010 ~~81~~ Diana bardeazaba )
~~Norman Scott~~
Norman Scott and Jacqueline Scott, who proved to be on the basis of satisfactory, a **Notary Public** personally appeared evidence to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature on the instrument the person(s) acted, or executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of Florida that the foregoing paragraph is true and correct.

**WITNESS** my hand and official seal

Notice is sent with a certified receipt signature request Certified Mail Numbers to
AIG FEDERAL SAVINGS BANK      # 7008 2810 0001 4725 0232
BANK OF AMERICA             #7008 2810 0001 4725 0225
DUETSCHE BANK NATIONAL TRUST CO  #7008 2810 0001 4645 5157
CHASE HOME FINANCE #        # 7008 2810 0001 4645 8219
MERS                      #7008 2810 0001 4645 5164


Signature _____    (Seal)



DIANA L. GARDEAZABAL
Notary Public, State of Florida
Commission# DD852133
My comm. expires Jan. 15, 2013

Notice of Right to Cancel

page 3 of 3

ATTACHMENT/EXHIBIT/-B

# AFFIDAVIT
## Of Norman Scott

Re: Re: Original Loan Nos.2000016142 & 682180000560299
Known Address: 10563 Galleria St, Wellington, FL 33414 Mortgage of Record: OR BK 20551 PG 1446 &
OR BK 20550 PG 1620 CFN 20060388323 & 20060294459    - Recorded Date: 07/03/2006 & 5/17/2006

'Indeed, No more than [ such affidavits are] necessary to make the
Prima facie case" United States v. Kis, 658 F.2nd , 526, 536 (7th Cir.
1981); Cert Denied, 50 U.S L. W 2169; S. Ct.

Comes now Norman  Scott (hereinafter") a sentient, living man/, being first duly sworn/affirmed-and does depose, say declare, and affirm by affiant's signature that I am over the age of 18 years and have first hand personal knowledge of the following statements and affirm the same are true and correct to the best of affiant's knowledge and belief, to wit:

1.)That, the affiant was induced to believe by certain officers/employees of AIG Federal Savings Bank/Bank of America, NA (hereinafter; bank/bank's/lender) and further by the bank's advertising, that said bank had money of its own to loan to affiant and others.

2.)That, affiant took the bank up on its offer to loan affiant its money, and affiant did sign a promissory note/loan dated  02/23/06 &04/05/06 ( NOTE was based on a fraudulent appraisal and loan application documents manipulated by <u>the bank and their broker)</u>.

3.)That, the bank did also induce affiant to sign a "security agreement/instrument" dated 02/23/06 &04/05/06 Granting the bank a secured interest and lien in/on certain personal property of affiant currently Held/owned or otherwise  acquired. The bank caused affiant to believe this "security agreement/instrument" was necessary for the bank to protect and insure its valuable and lawful 'consideration' I.e., the loaning of its money to affiant as advertised and promised.

4.)That, the bank did further induce affiant into signing a Mortgage the bank and/or its cohorts created, dated 02/23/06 &04/05/06 , wherein the bank did cause other undeserving third parties to obtain a lien against, a security interested in, and complete control over the affiant's personal property. Again, the bank led affiant to believe this Mortgage/assignment was necessary to further secure the bank's valuable, lawful, consideration against any potential 'risk or loss' regarding loaning the affiant its money.

Documents prepared by:            Affidavit of Norman Scott                        Page 1 of 3

ATTACHMENT/EXHIBIT -B

5.) That prior to the affiant signing any of the bank's "required financial documents, and forever thereafter, none of the bank's officers/employees have ever fully described and categorized all of the underlying, undisclosed particulars, details, and principles of law regarding the bank's entire purported 'loan' process, including, but not limited to, just exactly where the 'money' was coming from to fund the note/mortgage, how it was obtained/created, and by whom.

6.) That, by and through the affiant's signing of all the aforesaid financial instruments, the bank caused affiant to believe that a binding, lawful contract was created between the bank, its agents, assigns, and affiant.

7.) That prior to, and at the time of affiant signing all the bank's required financial instruments as instructed, affiant was very unlearned and unsophisticated in such banking and financial matters, including a total lack of knowledge of all the various underlying, undisclosed details, particulars - and legal consequences pertaining to the same. To the contrary, the unsophisticated affiant relied wholly and entirely upon the bank having 'clean hands', operating in 'good faith', and providing affiant with full, complete, and truthful disclosure of the entire financial transaction(s).

8.) That, regardless of any funds secretly or covertly obtained by the bank (via affiant's note/mortgage) while said bank acts as a for-profit business with and through the US Treasury for the purpose to access and thereby expand the credit of this affiant's individual treasury account while at all times failing to disclose the use of this affiant's negotiable paper (i.e. affiant's note/mortgage) while trading as a for-profit entity on the bond and securities market through any of its interagency cohorts/institutions such as Fannie Mae, Freddie Mac, or otherwise; while also apparently failing to file IRS Form 1099OID (Original Issue Discount) on each of the herein referenced transactions and thereby send a copy of said form to affiant for his tax records. It has been established that this affiant as well as other Americans have, out of necessity and the related remedy attaching thereto having its origin out of HJR-192, are in fact the only substantive "source" and consumer to sponsor virtually ALL credit that issues for commercial purposes. Said credit being necessary for the Treasury to have access to a valid source of credit to monetize and thereby disburse to the federal reserve banks for various and sundry federal projects while accounting for all such credit/funding entered into circulation through the aforesaid federal reserve banks. The nature of such funding has been verified by the U.S. Department of Treasury as emanating by and through the UCC Contract Trust Account # 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 of the named trust/entity Norman Scott and Treasury #063744794 noted Exemption from Levy, to include such other similar individual trusts as may exist.

Affidavit of Norman Scott

IN CONCLUSION - Due to other research, further understanding, and for all of the reasons set forth above and throughout this affidavit (to include the document entitled "Addendum C") all of which the affiant incorporates herein in its entirety - has caused affiant to believe ALL notes/mortgage/loan or other instruments entered into by the affiant between the bank/lender and any/all of its agents, assigns, and beneficiaries have no legal force or binding affect, and the same are in fact - **Null** and **Void**.

Further affiant sayeth naught.

_____
Affiant's Signature

## ACKNOWLEDGEMENT

STATE OF FLORIDA
COUNTY OF PALM BEACH   )

On 27 Jan 2010 _____ before me Diana _____ Notary Public personally appeared Norman Scott and , who proved to be on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature on the instrument the person(s) acted, or executed the instrument. I certify under **PENALTY OF PERJURY** under the laws of the State of Florida that the foregoing paragraph is true and correct. **WITNESS** my hand and official seal.

Signature _____ (Seal)

DIANA L. GARDEAZABAL
Notary Public, State of Florida
Commission# DD852133
My comm. expires Jan. 15, 2013

Affidavit of JACQUELINE SCOTT

page 3 of 3

# ADDENDUM- "C"

### ADDENDUM TO-RIGHT TO CANCEL

**Re:** Original Loan Nos.2000016142 & 682180000560299
Known Address: 10563 Galleria St. Wellington, FL 33414 Mortgage of Record: OR BK 20351 PG 1446 &
OR BK 20550 PG 1620 CFN 20060388323 & 20060294459 - Recorded Date: 07/03/2006 & 5/17/2006

1.) That at no time prior to the signing of any *'loan'* documents and to this date, did AIG Federal Savings Bank nor any of its officers/employees fully and completely describe and categorize all of the underlying particulars, details, and principles of law regarding AIG Federal Savings Bank . entire purported *'loan'* process, including **just exactly** where the *'money'* was coming from to fund the note/loan, how it was obtained/created, and by whom.

2.) That, at no time prior to the signing of any *'loan'* documents and to this date, did AIG Federal Savings Bank and its officers/employees ever disclose to Norman Scott and Jacqueline Scott the fact that the funding of the Note/Loan was being created/obtained by and through Norman Scott and Jacqueline Scott signature on Norman Scott and Jacqueline Scott's note, the same of which AIG Federal Savings Bank later arbitrarily and deceitfully claimed as its own, and then either sold, bargained, traded, or collateralized the same for its own benefit and use. Norman Scott and Jacqueline Scott has good cause to believe that the foregoing wrongful acts evidence AIG Federal Savings Bank never put up, nor used, any money of its own to fund, the note/mortgage instrument as it promised; Nor has AIG Federal Savings Bank and its officers/employees ever denied or rebutted any of the determinations set forth above.

3.)That, by and through Norman Scott and Jacqueline Scott signing of notes, loans, mortgages, and/or security instruments, AIG Federal Savings Bank led Norman Scott and Jacqueline Scott to believe that a binding, lawful contract/agreement Was created between AIG Federal Savings Bank (to include its agents, assigns, and beneficiaries) and Norman Scott and Jacqueline Scott

4.) That prior to, and at the time of signing all AIG Federal Savings Bank required financial instruments as instructed, Norman Scott and Jacqueline Scott were very unlearned and unsophisticated in such banking and financial matters, including lacking any knowledge of all various underlying details, particulars, and legal consequences pertaining to the same. To the contrary, Norman Scott and Jacqueline Scott relied wholly upon AIG Federal Savings Bank having-

**Documents Prepared by:**   **Addendum - "C"**   page 1 of 5
**Norman Scott**

'clean hands', operating in 'good faith'. and providing Norman Scott and Jacqueline Scott with full, complete, and truthful disclosure of the entire financial transaction(s)

5.) That, following the aforesaid financial transactions concerning AJG Federal Savings Bank Norman Scott and Jacqueline Scott, did further study and research the above particulars regarding AJG Federal Savings Bank *loan* process. and can reasonably conclude that AJG Federal Savings Bank <u>did not</u> in fact operate with clean hands or in good faith, nor did AJG Federal Savings Bank provide full, complete. and truthful disclosure of its underlying. undisclosed. secret intents. To the contrary. a close perusal and audit of AJG Federal Savings Bank internal accounting records provide sufficient evidence to support the following conclusions:

    a.) That AJG Federal Savings Bank used acts of, but not limited to. fraudulent inducement, fraudulent misrepresentation. and fraudulent intent in its advertising and claim to have loaned its *money* to Norman Scott and Jacqueline Scott

    b.) That AJG Federal Savings Bank did not fulfill its original promise/agreement to lend Norman Scott and Jacqueline Scott its own money. AJG Federal Savings Bank did not sacrifice/contribute anything of intrinsic value incur any risk/loss in the formation or outcome of the transactions; and, AJG Federal Bank therefore did not sacrifice nor contribute any valuable. lawful consideration: and thereby could not and did not suffer any loss. damage. or injury.

    c.) That AJG Federal Savings Bank arbitrarily and discretely stole Norman Scott and Jacqueline Scott note/mortgage. claimed it as its own. and converted the same to a negotiable instrument for AJG Federal Savings Bank . sole benefit, use, and gain;

    d.) That AJG Federal Savings Bank further compounded its predatory. wrongful. and fraudulent actions by inducing Norman Scott and Jacqueline Scott to sign a Mortgage. thereby granting additional third parties undeserving control. benefit, and interest in Norman Scott and Jacqueline Scott personal property (i.e. their land) all under the guise *of necessity";*

    e.) That the notes/mortgage/Security Instruments created by AJG Federal Savings Bank . its agents, and assigns and signed only by Norman Scott and Jacqueline Scott do not constitute a lawful binding contract/agreement due to AJG Federal Savings Bank acts of misfeasance. malfeasance. and nonfeasance as more particularly outlined

Addendum- "C"                                                                 Page 2 of 5

Above; and. that any such purported 'contract/agreement' would be unconscionable and is void

F.) as confirmed above and throughout, Norman Scott and Jacqueline Scott was never provided full, complete and truthful disclosure regarding all financial instruments Norman Scott and Jacqueline Scott was compelled to sign, nor were fully or otherwise apprised of the *true nature* and *exact particulars* of AIG Federal Savings Bank entire loan process. Without being fully and truthfully informed as to all details of the purported '*loan*' and the underlying disingenuous '*intentions*' of the lender. there could not be, and was not, a 'meeting of the minds'. The law of contracts and the courts address this issue repeatedly, as per this example: "*The 'meeting of the minds' required to make a contract is not based on **secret purpose or intention** on the part of the parties. stored away in his mind and **not brought to the attention of the other party,** but must be based on purpose and intention **which has been made known** or which from all circumstances should be known*". McClintock v Skelley Oil Co.. 232 ,MoApp. 1204, 114 S.W. 2nd 181, 189. (emphasis added)

G.) That. AIG Federal Savings Bank also did compel Norman Scott and Jacqueline Scott into procuring Mortgage Insurance on Norman Scott and Jacqueline Scott property making the beneficiary of the same, while AIG Federal Savings Bank knew fully that it had not put up any valuable nor lawful consideration into Norman Scott and Jacqueline Scott's note. could not possibly incur any loss, way undeserving of any such insurance benefit. and was wrongfully instilling yet another unjust financial burden Norman Scott and Jacqueline Scott . As with the theft Norman Scott and Jacqueline Scott's note(s), parts of law throughout. fraudulent misrepresentation, and unjust enrichment, to name a few.

H.) Norman Scott and Jacqueline Scott did spend additional time researching several particulars regarding AIG Federal Savings Bank entire *loan* process as outlined above. and became further perplexed. If AIG Federal Savings Bank lender had indeed given full, complete, and truthful disclosure regarding all elements of its loan process as set forth above and throughout; and did in fact provide valuable bona fide consideration; and did in fact believe AIG Federal Savings Bank did create a lawful, binding contract with Norman Scott and Jacqueline Scott borrowers - then why didn't AIG Federal Savings Bank officers/representatives sign their name on the contract/note? The same applied to the mortgage. If AIG Federal Savings Bank -

**Addendum - "C"**                                                          **Page 3 of 5**

lender knew it was not involved in any manner of fraudulent inducement, misrepresentation, concealment, or unjust enrichment, and did in fact have a bona fide legal contract with the borrowers/Norman Scott and Jacqueline Scott sufficient to prevail in a foreclosure action if need be; then, why did AIG Federal Savings Bank lender feel it necessary to have a Mortgage created - wherein the AIG Federal Savings Bank lender did cause complete control of the purported *'loan/note''* to be turned over to an undeserving third party, and again never put their signature to the instrument? In consideration of all the above statements and findings, it is only reasonable to conclude that AIG Federal Savings Bank /lender knew full well that it had defrauded Norman Scott and Jacqueline Scott borrowers from the outset as to the true nature and undisclosed rudiments of the entire *loan* process, and was not receptive to further implicating and/or incriminating itself by signing its name to documents that AIG Federal Savings Bank lender knew were founded upon fraud, lies, unfulfilled promises, secret intentions, inducement, entrapment, and unjust enrichment.

6.) To this date, AIG Federal Savings Bank nor any of its agents, assigns, or beneficiaries, have provided any **bona fide,** tangible evidence that ANY of them are in FACT the **bona fide** holder in due course (nor even a holder of value) and bona fide owner of the promissory note in question, all of which would be absolutely necessary in order to initiate ANY form of collection action or foreclosure proceeding. **Again,** it is an **incontrovertible fact** that the original promissory note in question is, and always was, the property of Norman Scott and Jacqueline Scott , and the same **did not** knowingly or otherwise assign, transfer, or give it away for another's personal benefit and gain - all to the loss and detriment of Norman Scott and Jacqueline Scott . Any reasonable person would conclude such an action as being ludicrous and unconscionable. Furthermore, it is against the law for one to fraudulently obtain or steal another's property, claim it as their own, and then further bargain, assign, or sale the same to obtain an unjust enrichment, benefit, and gain for themselves - all at a loss and detriment to the lawful, bona fide owner.

**IN CONCLUSION,** AIG Federal Savings Bank nor any of its officers, agents, assigns, or beneficiaries have provided any evidence in contradiction to the matters set forth above and throughout. **Accordingly,** the record shall establish that all aforesaid facts, statements, determinations and related Attachment/Exhibit-B sworn Affidavits of borrowers (which are incorporated herein in their entirely) are entirely true and correct and remain unanswered, unrebutted, and uncontroversial.

**Addendum - "C"**                                                            **Page 4of 5**

Norman Scott (Owner)                    Jacqueline Scott (Owner)

Addendum - "C"                                    Page 5 of 5